CYRUS H. HOLDEN *vs.* ROBINSON MANUFACTURING COMPANY.

Oxford, January, 1876.—April 12, 1876.

*Watercourse. Evidence.*

Upon the question as to the floatability of a stream upon which a dam has been built and is standing, it is not competent for a witness to give his opinion as to the possibility or expense of running logs, at any particular time upon the stream, without using the water raised or kept back by the dam.

ON MOTION AND EXCEPTIONS.

CASE for obstructing the stream passing from Thompson pond to the Little Androscoggin river in Oxford, by the defendant's dam, and hindering the passage of the plaintiff's logs. On the question of the floatability of the stream in its natural state, evidence was introduced by both parties. The verdict was for the plaintiff, for $175.23, which the defendants moved to have set aside as against law and evidence. They also filed exceptions to the exclusion of certain testimony of the witness, Holbrook, offered by the defendants, which appears in the opinion.

*J. J. Perry,* for the defendants.

*A. A. Strout & G. F. Holmes,* for the plaintiff.

DANFORTH, J. The defendant corporation had rebuilt, and was the owner of, a dam across the stream leading from Thompson pond to Little Androscoggin river. The plaintiff, desiring to drive some logs, which he had cut upon land bordering upon said pond to the river, had got them as far as the dam, and found *that* an insuperable obstacle to his further progress by water. Passage through the dam being refused by the defendant's agent, the logs were taken the remainder of the way, at an alleged increase of expense, by land. This increased expense is the object of this action. Hence the issue between the parties is, whether the stream in its natural state was floatable and a public highway or otherwise with its incidental question of damages.

Upon this issue certain testimony was offered by the defendant

which upon objection was excluded. The dam in question was called Robinson's dam.

The first exception is to the exclusion of testimony from Seth I. Holbrook, that "when Robinson was hauling the plaintiff's logs from Robinson's dam down to the Little Androscoggin river, in my opinion it would not have been possible to have driven these logs, using only the natural waters of the stream, from Robinson's dam down the stream into the Little Androscoggin river." The exclusion of this testimony was correct. Were it a statement of the fact, instead of an opinion, it would still have been immaterial. It relates to a particular time, when, perhaps, by reason of a drought there might not have been sufficient water, though at other seasons proper for driving logs there might have been an abundance.

In order to make a stream floatable, it is not necessary that it should be so at all seasons of the year. It is sufficient if it have that character at different periods with reasonable certainty and for such a length of time as to make it profitable for that purpose. Nor would it in any degree tend to mitigate the damages. The plaintiff's logs were at the dam. It does not appear that there was any want of water to get them through. No question is made upon this point. If, therefore, the plaintiff was rightfully there with his lumber, he should have been permitted to pass at once, or without unnecessary delay, regardless of any conjectural difficulties he might afterwards meet with, and, in the absence of such permission, he would be entitled to recover at least the difference in expense between taking it through the dam by water and taking it round it by land.

But this testimony is a matter of opinion, and not only so, but founded upon a state of facts not in the case. True, the witness was somewhat accustomed to driving logs and might perhaps aid the jury with an opinion as to the cost of driving and perhaps as to the possibility of doing so under a given state of facts ; though ordinarily the floatability of a stream does not depend upon the skill of any particular persons in driving logs, but rather upon its character and the amount of water flowing in it. These facts are susceptible of direct proof and such as an ordinary jury would have

no difficulty in comprehending and applying. The witness further predicates his opinion upon the assumption that the natural waters of the stream were running. But the natural waters of the stream were not running, and it does not appear that he knew or could know at that time what the natural waters were. The dam was then diminishing the waters below and increasing those above. The amount of water then, which would have run there at that time if the dam had not obstructed the stream, must have been a matter of conjecture in the mind of the witness and too uncertain to found an opinion upon.

No point seems to be made under the second exception. The question was admitted. The answer as reported in the exceptions is plainly inadmissible as what the witness might or might not want to do, is an entirely immaterial fact. Besides the report of the testimony shows that an answer responsive to the question was immediately given and received.

The two remaining exceptions are to the exclusion of questions calling for the opinion of the witness, first, as to the possibility of driving the logs at that time of the year from Thompson Pond to the Little Androscoggin river, "without the assistance of the water held back by Robinson's dam;" and second, as to the comparative cost of driving these logs between these points "without the assistance of Robinson's water," and driving them to the dam, then hauling them across the land. The suggestions already made as applicable to the first exception will apply in part at least to these. The opinion if given must necessarily have been founded upon conjecture. They require the witness to discriminate between the water which would naturally run in the stream at that time, and the water held back by the dam. We have no reason to suppose that the witness could do this, and, if he could, the law would not allow it.

The first question is whether the stream is floatable without the dam. If it is not, the plaintiff could not avail himself of the fact that it is made so by the defendant's dam. If the stream was originally private property, exclusively so, any improvements made upon it by the owner would give the public no rights in it. But if

on the other hand the stream is by nature floatable, those who have occasion to use it as such may do so and may also have the benefit of such improvements as may be put upon it, having reasonable regard to the rights of the owner. The character of the stream cannot be changed by the improvements put upon it. A floatable stream may be private property but its use as such must be subject to the easement of the public. In the same way the improvements remain private property but subject also to the right of way in the public. Hence no such distinction as these questions contemplate is allowable and they were properly excluded. *Wadsworth* v. *Smith*, 11 Maine, 278.

The jury have found that this stream without any improvements is floatable and upon such testimony that from a careful examination of it we cannot say they were incompetent or were influenced by improper motives. *Motion and exceptions overruled.*

APPLETON, C. J., WALTON, BARROWS and PETERS, JJ., concurred.

VIRGIN, J., having been formerly consulted, did not sit.